**Urve Maggitti**
58 E Swedesford Road, Apt 327
Malvern, PA 19355
Phone: 917-340-0561
Email: urve.maggitti@gmail.com

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

Docket No_____

IN THE UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

---

URVE MAGGITTI,
    *Plaintiff*

**District Court Case NO. 2:23-cv-04359**

WILLIAM P. MAHON, ET AL.

[REF: **Appellate Docket: 23-3275**]

**Plaintiff's NOTICE OF APPEAL**

_____*Defendants*

**MOTION FOR STAY CASE 4359
PENDING APPEAL**

Notice is hereby given that Plaintiff-Appellant Urve Maggitti hereby appeals to the United States Court of Appeals for the Third Circuit from the opinion and order entered on **July 22, 2024**, by Hon. Kelley Brisbon Hodge [ECF No. 22], see attached EXHIBIT A.
- originally entered by the District Court on **December 1, 2023,** (ECF Nos. 6, 7, 8) by Hon. JOEL H. SLOMSKY Appellate Docket: 23-3275.

Plaintiff is further moving the Court to issue a stay in the Case NO. 2:23-cv-04359 pending the appeal, in the interest of justice.

Respectfully submitted on this day of August 17, 2024/

Signature: _____/s/ Urve Maggitti_____   Dated: __August 17, 2024__
URVE MAGGITTI, Plaintiff-Appellant

Page **1** of 2

## CERTIFICATE OF SERVICE

I, Urve Maggitti, hereby certify that a true and correct copy of:
**"Plaintiff's NOTICE OF APPEAL , MOTION FOR STAY CASE 4359 PENDING APPEAL"**
has been served to:

**1. Michael Daley**
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

**2. Mathieu J. Shapiro, Defendant**
Obermayer Rebmann Maxwell & Hippel LLP
1500 Market Street, Suite 3400 CTR SQ W,
Philadelphia, Pennsylvania 19102
(t) 215-665-3000
Mathieu.shapiro@obermayer.com

**3. Melissa Blanco, Associate**
Obermayer Rebmann Maxwell & Hippel LLP,
1500 Market Street, Suite 3400 CTR SQ W,
Philadelphia, Pennsylvania 19102
(215) 665-3000
melissa.blanco@@obermayer.com

**4. Paul C. Troy**
Kane, Pugh, Knoell, Troy and Kramer LLP
4 Sentry Parkway east, Suite 100
Blue Bell, PA 19422
(610) 275-2000, Fax: (610) 275-2018
ptroy@kanepugh.com

**5. Michael B. Pullano**
Lewis Brisbois Bisgaard and Smith, LLP
550 E Swedesford Road, Suite 270
Wayne, PA 19087
(215) 977-4100, Fax: (215) 977-4101
Michael.pullano@lewisbrisbois.com

**6. Joseph F. Kampherstein, III**
Lewis Brisbois Bisgaard and Smith, LLP
550 E Swedesford Road, Suite 270
Wayne, PA 19087
(215) 977-4100, Fax: (215) 977-4101
joseph.kampherstein@ lewisbrisbois.com

Signature: _____  Date: August 17, 2024
Urve Maggitti, 58 E Swedesford Road, Apartment 327, Malvern, PA 19355
urve.maggitti@gmail.com     917-340-0561

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| URVE MAGGITTI,<br>    Plaintiff,<br><br>v.<br><br>HON. BRET M. BINDER, et al.,<br>    Defendants. | CIVIL ACTION<br><br><br><br><br>NO. 23-2273 |
| URVE MAGGITTI,<br>    Plaintiff,<br><br>v.<br><br>MAHON, et al.,<br>    Defendants. | CIVIL ACTION<br><br><br><br><br>NO. 23-4359 |
| URVE MAGGITTI,<br>    Plaintiff,<br><br>v.<br><br>PULLANO, et al.,<br>    Defendants. | CIVIL ACTION<br><br><br><br><br>NO. 23-5141 |

## ORDER

AND NOW, this 22nd day of July, 2024, upon consideration of *pro se* Plaintiff's pending, unopposed motions in Civil Action No. 23-4359 (ECF Nos. 11, 17 and 20); *pro se* Plaintiff's pending, unopposed motions in Civil Action No. 23-2273 (ECF Nos. 8, 28, 31, 40, 57, 59, 64, 65, 74, 78); Defendants' pending motions in Civil Action No. 23-2273 (ECF Nos. 12, 73, 76, 79, 80, 81); and *pro se* Plaintiff's pending motion in Civil Action No. 23-5141 (ECF No. 10), **IT IS ORDERED** as follows:

1. In Civil Action No. 23-4359:

    a. *Pro se* Plaintiff's Motion for Reconsideration (ECF No. 11) is **DENIED**.[1]

    b. *Pro se* Plaintiff's Emergency Motion for Clarification Whether This Case Has Been Stayed Pending Conference on Issue of Process of Service [sic], Alternatively: Extension of Time to File Reply in Opposition (ECF No. 17) is **DENIED AS MOOT.**

    c. *Pro se* Plaintiff's Motion to Amend Complaint (ECF No. 20) is **DENIED** pursuant to this Court's prior Order (ECF No. 51) directing *pro se* Plaintiff to file "one (1)

---

[1] The Court finds that Plaintiff fails to establish the requisite elements for reconsideration. A party seeking reconsideration of a prior order bears a "substantial burden." *Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, No. 05-cv-2535, 2012 WL 3279243, at *7 (E.D. Pa. Aug. 13, 2012). Further, motions for reconsideration are only granted for "compelling reasons." *United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted). When seeking reconsideration, a party must show: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Plaintiff argues that the Court should grant her Motion to correct a clear error of law or fact or prevent manifest injustice. Specifically, Plaintiff asks the Court to reconsider its decision to seal the documents that contained Defendant's home addresses, instead of ordering the documents be redacted, because the sealing is limiting the public right to access public records. (*See* ECF No. 11 at 3.)

Upon review, the Court finds that this Court's prior order dated December 11, 2023 was not a clear error of law, and there is no risk of manifest injustice. Although non-precedential decisions are not binding, *see* 3d Cir. I.O.P. 5.7, they provide persuasive authority. *See Evans v. Chichester Sch. Dist.*, 533 F.Supp.2d 523, 535 (E.D. Pa. 2008) ("Although I recognize that unpublished opinions lack precedential value, I cite to them in this memorandum as persuasive authority when I find their reasoning convincing and their facts analogous to the situation before me."). Therefore, the Court rejects Plaintiff's suggestion that the non-precedential nature of *Malhan v. Grewal*, No. CV 16-8495, 2020 WL 6689753, at *2 (D.N.J. Nov. 13, 2020) is a proper ground for reconsideration. Accordingly, the Court's Order was based on sound reasoning and authority that the Defendants' home addresses should be restricted from public access, and the Court choosing to seal the whole document, as opposed to redacting, was within the Court's discretion and caused no prejudice to plaintiff. Plaintiff's motion makes clear that she is aware that if future filings contain home addresses, they must be redacted. It was appropriate to seal past filings that did not conform with Federal Rules of Civil Procedure 5.2 and Eastern District of Pennsylvania Local Rules 5.1.3 and 5.1.55.3. Therefore, Plaintiff's Motion (ECF No. 11) is **DENIED**.

Amended Complaint . . . encompassing Civil Action Nos. 23-2273 and 23-4359" (ECF No. 51) and in light of Plaintiff's Motion for Leave to file an Amended Complaint in Civil Action No. 23-2273 (ECF No. 78), which the Court grants below.

2. In Civil Action No. 23-2273:

   a. *Pro se* Plaintiff's Emergency Motion for Leave to Waive Personal Service and for Extension of Time to Serve Summons and Complaint (ECF No. 8) is **DENIED AS MOOT.**

   b. Defendant Nancy Clemens' Motion to Strike Service (ECF No. 12) is **GRANTED**, because *pro se* Plaintiff confirmed she cannot verify that the Nancy Clemens served in this action is the proper and intended Defendant. (ECF No. 25 at 3.) The Clerk of Court shall **TERMINATE** Defendant Nancy Clemens from this action.

   c. *Pro se* Plaintiff's Motion to Extend Time for Process of Service [sic], for Alternate Service by US Marshal Service, and to Stay Pending Proper Service of Process (ECF No. 28) is **DENIED AS MOOT.**

   d. *Pro se* Plaintiff's Motion to Show Cause (ECF No. 31) is **DENIED** pursuant to this Court's Order Consolidating Civil Action Nos. 23-1184, 23-3185, and 23-4359 with Civil Action No. 23-2273.

   e. *Pro se* Plaintiff's Motion to Strike Rule 12 Motion (ECF No. 40) is **DENIED AS MOOT** pursuant to this Court's Order and Opinion (ECF Nos. 50-51).

   f. *Pro se* Plaintiff's Motion for Clarification (ECF No. 57) is **DENIED**. Plaintiff is directed to this Court's clear instruction in its prior Opinion and Order (ECF Nos. 50, 51).

    g. *Pro se* Plaintiff's Motion for Stay (ECF No. 64) is **DENIED AS MOOT** pursuant to the Third Circuit Court of Appeals' Order. (*See* ECF Nos. 94, 95.)

    h. *Pro se* Plaintiff's Emergency Motion for Clarification Whether This Case Has Been Stayed (ECF No. 74) is **DENIED AS MOOT**. The limited Stay previously Ordered in this case (ECF No. 84) is **LIFTED.**

    i. Defendants' Motions for Leave to File Excess Pages (ECF Nos. 73, 76) are **DENIED AS MOOT** in light of Plaintiff's Motion for Leave to file an Amended Complaint (ECF No. 78) granted below.

    j. *Pro se* Plaintiff's Motion for Leave to file an Amended Complaint (ECF No. 78) is **GRANTED**. Plaintiff is directed to do so pursuant to the Court's Order and Opinion (ECF Nos. 50, 51).[2] Plaintiff shall file a Third Amended Complaint[3] on or before **August 22, 2024**. To ensure compliance with Fed. R. Civ. P. 8(a)(2), the Third Amended Complaint shall not exceed 75 pages and Plaintiff is instructed to

---

[2] In the Court's Opinion dated December 1, 2023, the Court dismissed Plaintiff's complaint without prejudice for its failure to comply with Federal Rule of Civil Procedure 8(a)(2). (*See* ECF No. 50 at 9-10 ("While courts are "more forgiving of *pro se* litigants for filing relatively organized or somewhat lengthy complaints," a *pro se* complaint may still permissibly be dismissed based on Rule 8(a)(2) noncompliance. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019); *Kamdem-Ouaffo v. Huczko*, 810 Fed.Appx. 82, 84-85 (3d Cir. 2020) (affirming dismissal of a Complaint with 2,500 numbered paragraphs and hundreds of pages of exhibits); *Karupaiyan v. Naganda*, No. 21-2560, 2022 WL 327724, at *2 (3d Cir. Feb. 3, 2022) (affirming dismissal of 180 page, single-spaced civil complaint that contained a "disjointed factual narrative.").) The Court notes that Plaintiff's Second Amended Complaint remains out of compliance with Rule 8(a)(2); Plaintiff's Second Amended Complaint is over 1,000 paragraphs and over 15,000 pages, including exhibits.

[3] Plaintiff filed her Complaint on June 14, 2023. (ECF No. 1.) Plaintiff filed an Amended Complaint on September 7, 2023. (ECF No. 5.) Plaintiff filed a Second Amended Complaint on January 30, 2024. (ECF No. 71.) As such, a new amended complaint would be Plaintiff's Third Amended Complaint.

attach only new exhibits.[4] Plaintiff may cite to previously filed exhibits rather than refiling them. Plaintiff may seek leave to exceed the page limit upon a showing of good cause.

k. Defendants' Motions to Dismiss *pro se* Plaintiff's Amended Complaint (ECF Nos. 79, 80, and 81) are **DENIED AS MOOT** without prejudice and with the right to refile, in light of the Court granting Plaintiff leave to file a Third Amended Complaint (ECF No. 78).

l. *Pro se* Plaintiff's Exception, Objection, and Correction for the Record, and memorandum in support thereof (ECF Nos. 59, 65), which the Court interprets as a Motion for Reconsideration, is **DENIED AS MOOT**. The Court observes that Plaintiff's Motions (ECF Nos. 59, 65) are identical or substantially similar to the Exception, Objection, and Correction for the Record, and memorandum in support thereof, filed in Civil Action Nos. 23-cv-1184 and 23-cv-3185, and as such, the issues pertinent to those matters will be addressed in a separate opinion and/or order. As the motions relate to Civil Action Nos. 23-cv-2273 and 23-cv-4349, the motions are moot, in light of the Court granting Plaintiff leave to file a Third Amended Complaint (ECF No. 78). To the extent, Plaintiff's motions seek reconsideration of the Court's Order dated December 1, 2023, consolidating

---

[4] *See Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) ("Inevitably, the sufficiency of a complaint must be determined on a case-by-case basis . . . the circumstances surrounding the particular pleading, including the nature of the action, the sort of relief being sought, the availability of information, and other practical considerations must guide the inquiry into whether the litigant's statement of his claim qualifies as 'short and plain.'"). *See, e.g., Smith v. Onsite Neonatal Partners, Inc.*, No. 22-3789, 2023 WL 1864869 (E.D. Pa. Feb. 9, 2023) ("On June 22, 2022, Plaintiffs filed a 926-page amended complaint. Again, the Court ordered Plaintiffs to amend their complaint, this time expressly limiting it to 50 pages[.]").

Plaintiff's actions, the motions are **DENIED**.[5] Further, to the extent the motions seek reconsideration of the Court's Order sealing documents, the motions are **DENIED** according to the reasoning above. (*See supra* n.1.)

3. In Civil Action No. 23-5141:

   a. The stay issued in this case is hereby **LIFTED**. *Pro se* Plaintiff shall file responses to Defendants Motion to Dismiss (ECF No. 9) on or before **September 5, 2024**;

   b. *Pro se* Plaintiff's Emergency Motion for Clarification Whether This Case Has Been Stayed (ECF No. 10) is **DENIED AS MOOT**.

**BY THE COURT:**

/s/ Hon. Kelley B. Hodge
_____
**HODGE, KELLEY B., J.**

---

[5] For reasons similar to those outlined above for Plaintiff's motion for reconsideration regarding the sealing order, *see supra* n.1, Plaintiff's motion for reconsideration of the consolidation order is also denied. Plaintiff fails to identify any "compelling reasons," *Dupree*, 617 F.3d at 732-33, like "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice" that warrant the Court granting a motion for reconsideration of the consolidation order. *Lazaridis*, 591 F.3d at 669. Accordingly, Plaintiff's motion is denied.